UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES,

                    Plaintiff,                          **MEMORANDUM AND ORDER**

           v.                                  20-CR-15 (RPK)

SERGEI DENKO,

                    Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Defendant Sergei Denko moves for compassionate release from a sentence imposed for his willful failure to pay taxes under 26 U.S.C. § 7202.  *See* Mot. to Reduce Sentence (Dkt. #32) ("Def.'s Mot.").  Defendant argues that the conditions at MDC Brooklyn ("MDC") where he is currently incarcerated, health risks associated with COVID-19, his rehabilitation, the current war in Ukraine, and his wife's medical conditions warrant modification of his sentence.  *See* Def.'s Mot. 1-3; Def.'s Letter dated Mar. 3, 2022 (Dkt. #40).  For the reasons explained below, the motion is denied.

       Under the compassionate-release provision at 18 U.S.C. § 3582(c)(1)(A), a defendant may "move for a reduction in sentence, up to and including release from prison, in federal district court after satisfying a statutory exhaustion requirement."  *United States v. Jones*, 17 F.4th 371, 373-74 (2d Cir. 2021).  Before reducing a term of imprisonment, "a district court must 'find[] that . . . extraordinary and compelling reasons warrant such a reduction.'"  *Id.* at 374 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (brackets and alteration in original).  If such reasons exist, the court must consider "'the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence."  *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Defendant has not shown extraordinary and compelling reasons for a reduction of his sentence or demonstrated an entitlement to relief in light of the Section 3553(a) factors.

Defendant's risk of COVID-19 does not qualify as an extraordinary and compelling reason for release. Defendant is 58 years old. Def.'s Mot. 1. He weighs 250 pounds, has a BMI near 40, and has "a scarred lung and cough" from his history as a smoker. *Id.* at 2. Even if comorbidities like obesity or an unspecified pulmonary condition placed defendant at greater risk of severe illness from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 14, 2022), defendant already contracted COVID-19 in January 2022, *see* Decl. of Sergei Denko 4 (Dkt. #32). "Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release." *United States v. Wedd*, No. 15-CV-616 (AT), 2021 WL 1338754, at *2 (S.D.N.Y. Apr. 9, 2021); *see United States v. Labarca*, No. 11-CR-12 (RMB), 2022 WL 203166, at *5 (S.D.N.Y. Jan. 24, 2022) (same). Moreover, defendant is vaccinated, *see* Decl. of Sergei Denko 3, and "[c]ourts have consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present," *United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022). Accordingly, defendant's alleged vulnerability to COVID-19 is not an extraordinary and compelling reason to reduce his sentence.

Defendant has not shown that conditions at MDC present an extraordinary and compelling reason for a sentence reduction, either. As defendant notes, some courts have criticized conditions at MDC during the pandemic. Def.'s Mot. 1. But while defendant states that he is "personally aware of the breakdown in MDC's facilities and the hazardous conditions" based on his work as an inmate assigned to the plumbing and HVAC unit, and he adds that MDC has not provided him

2

with "cleaning supplies," *id.* at 1, 2, defendant does not describe subpar conditions in his own cell or living quarters.  Moreover, the Bureau of Prisons ("BOP") currently reports no COVID-positive inmates and only one COVID-positive staff member at MDC Brooklyn. *See* BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Apr. 14, 2022).  Those numbers do not reflect the "staggering infection[]" rates that defendant suggests are plaguing the facility.  *See* Def.'s Mot. 1.  And while some courts have recently found that COVID-19-related conditions at MDC do "support finding . . . extraordinary and compelling reasons" for release, they have done so where the movant's "age and medical conditions" also "weigh in favor of a sentence reduction." *See United States v. Demeo*, No. 17-CR-545 (KAM), 2022 WL 142345, at *4 (E.D.N.Y. Jan. 15, 2022).  As I explained, defendant already had COVID-19 and is vaccinated.  Under these circumstances, defendant has not established that conditions at MDC present an extraordinary and compelling reason warranting a sentence reduction.

Nor has the defendant shown an extraordinary and compelling reason for a sentence reduction by invoking his rehabilitative efforts.  The Court commends defendant for his work as a plumber at MDC.  *See* Def.'s Mot. 1.  But defendant's rehabilitative progress in the short time since he surrendered in September 2021, *ibid.*, does not make this a case where a "exceptional accomplishments and meritorious prison record," *United States v. Milan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020), or "strong and sustained rehabilitation," *United States v. Torres*, 464 F. Supp. 3d 651, 662 (S.D.N.Y. 2020), supply extraordinary and compelling reasons for a sentence reduction.

Defendant is wrong that the armed conflict in Ukraine is a basis for his release.  *See* Def.'s Letter dated Mar. 3, 2022.  Defendant provides no specific reason why the war in Ukraine justifies the reduction of his sentence.  *See ibid.*  Any such reason would, by the terms of the statute, have

to be "extraordinary and compelling."   18 U.S.C. § 3582(c)(1)(A)(i).   But defendant's general invocation of world events, even those happening in his "homeland," Def.'s Letter dated Mar. 3, 2022, at 1, is insufficient.

Finally, defendant has failed to carry his burden of showing that family circumstances present an extraordinary and compelling reason for release.  As the government acknowledges, defendant would likely establish extraordinary and compelling circumstances by showing that his wife has become incapacitated and that he was now the only available caregiver for his young children.  Gov't Resp. 11 (Dkt. #37).  But the defendant bears the burden of establishing that such extraordinary and compelling reasons are present in his case. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on any given issue normally has the burden of proof as to that issue."); *see also, e.g., United States v. Resnick*, 451 F. Supp. 3d 262, 266 (S.D.N.Y. 2020).  Defendant has not met that burden.  He has not submitted medical documents, an affidavit from his wife, or any evidence beyond his own statements in support of his claims regarding his wife's incapacity.  Several courts have declined to find extraordinary and compelling circumstances based on comparable accounts with little or no corroboration. *See United States v. Ivey*, No. CR-110-251-05, 2021 WL 1602096, at *2 n.1 (S.D. Ga. Apr. 23, 2021) ("[Defendant] has not presented sufficient evidence to carry his burden to demonstrate that his mother is or will be incapacitated and that he is the only potential caregiver. This is a heavy burden, and the say-so of the mother and son and the hearsay letter from a non-physician will not carry the day."); *United States v. Coote*, No. 16-CR-46-FTM-38MRM, 2020 WL 6161486, at *1 (M.D. Fla. Oct. 21, 2020) (finding defendant had not established extraordinary and compelling reasons for release based on claim that his mother was the only family member

4

who could care for his child, and that she was incapacitated, in part because defendant had not offered "proof of his mother suffering a severe injury or illness" that rendered her incapacitated).

And even if defendant's uncorroborated affidavit could meet his burden of establishing his wife's incapacity, the assertions in that affidavit are insufficient. Mr. Denko makes a general claim that his wife is incapacitated. *See* Def.'s Mot. 2. But the specific facts he describes fall short of supporting this point. Mr. Denko's motion and affidavit suggest that his wife suffers from medical conditions that limit her activities—but not that she is unable to care for their children. While defendant states that his wife cannot drive because she is "classified as legally blind," and that she has "difficulties and pain from walking" due to "medical problems in her feet," *ibid.*, a person with those impairments is not necessarily unable to care for a child. Similarly, Mr. Denko's allegations regarding a gallbladder-removal surgery that "requires follow up and medical care," "high blood pressure," and "hypertension" all suggest that Mr. Denko's spouse has serious medical conditions. *Ibid.* But a person suffering from these conditions may well be able to care for her minor children. And Mr. Denko has not alleged additional facts that meet his burden regarding incapacity. In sum, Mr. Denko has failed to establish extraordinary and compelling circumstances based on his claim as to his wife's incapacity.

Finally, even if extraordinary and compelling reasons for release were present, release would be unwarranted based on the Section 3553(a) factors. General deterrence is an important consideration in tax-evasion cases because of the significant sums of public revenue lost due to that conduct and the limited government resources available to investigate and detect it. *See, e.g.*, *United States v. Zukerman*, 897 F.3d 423, 429 (2d Cir. 2018). Reducing Mr. Denko's 20-month sentence of imprisonment for a tax offense involving a loss of more than $800,000 would not be

consistent with the interest in general deterrence.  And a reduced sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment.

For those reasons, defendant's motion for compassionate release is denied.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: April 14, 2022
Brooklyn, New York