UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SERGEI DENKO,

                Petitioner,              **MEMORANDUM AND ORDER**
                                                                                20-CR-15 (RPK)
      v.

UNITED STATES OF AMERICA,

                Respondent.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

*Pro se* petitioner Sergei Denko moves pursuant to 28 U.S.C. § 2255 to vacate his federal conviction and sentence based on ineffective assistance of counsel. Mot. to Vacate 1 (Dkt. #24). That motion is denied.

## BACKGROUND

On February 6, 2020, petitioner was charged with offenses including failing "to collect, truthfully account for and pay over" employment taxes for his businesses "[o]n or about January 30, 2014," in violation of 26 U.S.C. § 7202. Information ¶ 7 (Dkt. #4). Petitioner pleaded guilty to that charge, *see generally* Plea Hr'g Tr. (Dkt. #35), and was sentenced to 20 months of imprisonment followed by one year of supervised release. J. 2–3 (Dkt. #19). He was also ordered to pay a $100 special assessment and $5,000 fine. *Id.* at 6. No notice of appeal was filed.

In November 2021, petitioner, proceeding *pro se*, filed a motion under Section 2255 seeking to vacate his conviction and sentence. Mot. to Vacate 1. Petitioner argues that he received ineffective assistance of counsel because his attorney (1) allegedly failed to file a notice of appeal as directed and (2) failed to argue a statute of limitations defense. *See id.* at 3–7. In

1

support of the latter argument, petitioner moved to amend his Section 2255 motion to further assert that his "criminal culpability ended in 2013" because that was the tax year to which his deficient tax filings pertained. Mot. to Amend (Dkt. #26). Petitioner also moved for an evidentiary hearing. *See* Mot. for Hearing (Dkt. #34); Opp'n to Mot. for Hearing (Dkt. #38).

The government has filed an opposition brief that attaches an affidavit from petitioner's trial counsel stating that "[a]t no time since the sentencing did [petitioner] request or even suggest that [petitioner] wanted [him] to file a Notice of Appeal," even during a discussion immediately following petitioner's sentencing. Aff. of Richard S. Kestenbaum ¶ 8–9 (Dkt. #28-3). The attorney further states that he has "never received a letter from [petitioner] through the US Postal service for any reason" since "the inception of [his] representation of [petitioner]." *Id.* ¶ 11.

Petitioner has since been released from prison, and his one-year term of supervised release appears to have ended on February 3, 2024. *See* Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (search by name "Sergei Denko") (last visited Oct. 23, 2024).

## DISCUSSION

Petitioner's Section 2255 motion is denied because plaintiff has not set forth a viable claim for ineffective assistance of counsel.

To establish an ineffective-assistance-of-counsel claim under the Sixth Amendment, petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Under *Strickland*'s first prong, the objective-reasonableness standard is "determined according to 'prevailing professional norms'" and carries a strong presumption that counsel "exercised reasonable judgment." *Murden v. Artuz*, 497 F.3d 178, 198 (2d Cir. 2007)

2

(quoting *Strickland*, 466 U.S. at 688; and citing *id.* at 689–90).  Under *Strickland*'s second prong, a petitioner who pleaded guilty must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## I. The Alleged Failure to File a Notice of Appeal Does Not Establish Ineffective Assistance of Counsel.

Petitioner first claims that his attorney provided ineffective assistance because he did not file a notice of appeal when asked to do so by petitioner.  Mot. to Vacate 3, 5.  Petitioner also seeks an evidentiary hearing on this claim.  Mot. for Hearing.  Petitioner's notice-of-appeal claim is denied because the existing record establishes that it lacks merit.

An attorney performs ineffectively when he disregards a client's request to file an appeal. *Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)).  In such cases, prejudice is presumed.  *Id.* at 772.

Section 2255 requires a court to hold an evidentiary hearing on a prisoner's claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Thus, district courts have the discretion to decide such claims based on documentary evidence, such as letters and affidavits, "when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).  Accordingly, while an evidentiary hearing is generally required when "a defendant *claims* that his attorney failed to file a requested notice of appeal," district courts may decide such claims without a testimonial hearing where a detailed "affidavit[] from the defendant's prior counsel" contradicts the defendant's assertions.  *Thomas v. United States*, 93 F.4th 62, 66 (2d Cir. 2024) (per curiam) (citation omitted).

3

Here, the parties' written submissions are sufficient to establish, without a hearing, that petitioner's notice-of-appeal claim lacks merit. Petitioner asserts that, "on more than one occasion," in letters "via US Mail[] and telephone calls," he requested that his attorney file a notice of appeal but that his attorney failed to do so. Mot. to Vacate 3; *see id.* at 17 (ECF pagination). Petitioner provides no additional detail regarding his asserted requests and no corroboration of his claim. In response, petitioner's attorney swears, by notarized affidavit, that "[a]t no time since the sentencing did [petitioner] request or even suggest that [petitioner] wanted [him] to file a Notice of Appeal." Aff. of Richard S. Kestenbaum ¶ 9. Petitioner's former attorney further states that he has "never received a letter from [petitioner] through the US Postal service for any reason" since "the inception of [his] representation of [petitioner]." *Id.* ¶ 11. He adds that in a discussion with his attorney immediately after sentencing, petitioner expressed "disappoint[ment] that he was given a term of incarceration, [but] he did not ask or suggest that he wanted to appeal his sentence." *Id.* ¶ 8.

Considering these submissions together, petitioner's self-serving and vague account does not withstand his former attorney's emphatic denials. Petitioner has alleged "only in the most conclusory terms that he instructed his counsel to file a notice of appeal." *Riggi v. United States*, No. 04-CV-7852 (JSR), 2007 WL 2245595, at *8 (S.D.N.Y. Aug. 6, 2007). In response, petitioner's counsel has provided a sworn "description of events" that is "eminently credible," *Chang*, 250 F.3d at 86, and unequivocally contradicts petitioner's self-serving claims, *see ibid.* Like other courts in similar circumstances, I conclude that live testimony is not needed to determine that petitioner's counsel did not, in fact, disregard a request to file a notice of appeal. *See Riggi*, 2007 WL 2245595, at *9 (citing cases); s*ee also, e.g.*, *Fardella v. United States*, No. 11-CR-872 (LTS), 2014 WL 3294876, at *3, *5 (S.D.N.Y. July 8, 2014) (finding petitioner's "self-

4

serving, conclusory allegation insufficient to establish a plausible claim of ineffective assistance of counsel" given defense counsel's unequivocal denials and denying motion for a hearing); *Rainford v. United States*, 648 F. Supp. 2d 476, 479–81 (E.D.N.Y. 2009) (similar).

## II. The Failure to Raise a Statute-of-Limitations Defense Does Not Establish Ineffective Assistance of Counsel.

Petitioner's claim that his attorney performed ineffectively by failing to raise a statute-of-limitations defense—as alleged in his habeas petition and in the letter seeking to amend the habeas petition—does not satisfy either *Strickland*'s first or second prong.

A "six-year statute of limitations applies to the offense defined by 26 U.S.C. § 7202." *United States v. Evangelista*, 122 F.3d 112, 119 (2d Cir. 1997); *see* 26 U.S.C. § 6531(4). With respect to the taxes at issue here, the limitations period for prosecutions regarding a tax "return for any period ending with or within a calendar year [that] is filed before April 15 of the succeeding calendar year" begins to run "on April 15 of such succeeding calendar year." 26 U.S.C. § 6513(c)(1); *id.* § 6531 (flush language) (providing that Section 6513 supplies "the periods of limitation on criminal prosecutions"); *see United States v. Mello*, No. 22-CR-87 (JLT), 2023 WL 3480928, at *2 (E.D. Cal. May 16, 2023) ("[I]f a taxpayer files a tax return or pays a tax, the statute of limitations begins to run on April 15 of the year following the tax year at issue." (citing 26 U.S.C. § 6531(c))).

Petitioner was charged with one count in violation of 26 U.S.C. § 7202 for "fail[ing] to collect, truthfully account for and pay over" certain taxes "for the fourth quarter of 2013." Information ¶ 7. The six-year statute of limitations therefore began to run, at the earliest, on April 15 of the calendar year following 2013—April 15, 2014. *See* 26 U.S.C. §§ 6513(c)(1), 6531. Petitioner was charged by criminal information on February 6, 2020, over two months prior to the expiration of the statute of limitations on April 15, 2020. *See* Information. Because petitioner was

5

charged within the statute of limitations, petitioner fails to show that his attorney acted unreasonably in declining to assert a statute-of-limitations defense or that he was prejudiced by his attorney's decision in that regard. *See Aparicio v. Artuz*, 269 F.3d 78, 99 n.10 (2d Cir. 2001) ("Because the double jeopardy claim was meritless, Petitioner's trial counsel was not ineffective for failing to raise it."); *Fardella*, 2014 WL 3294876, at *4 (denying Section 2255 motion where the petitioner did "not explain why researching the applicable statute of limitations . . . would have warranted different courses of action or achieved different results").

Accordingly, petitioner's statute-of-limitations argument cannot sustain his ineffective-assistance-of-counsel claim. Because the merits of this claim can be resolved through analysis of the charging document and the applicable law, an evidentiary hearing on this claim is unwarranted.

## CONCLUSION

Petitioner's Section 2255 motion is denied.

SO ORDERED.

                                      /s/ Rachel Kovner
                                      RACHEL P. KOVNER
                                      United States District Judge

Dated: October 29, 2024
       Brooklyn, New York